IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JESSICA LITZINGER             *

       Plaintiff            *

v.                                           *     Civil Action No.: JFM-02-4115

BRADLEY A. MCGUIRK       *

       Defendant        *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### TFC BRADLEY A. McGUIRK'S RESPONSE
### TO PLAINTIFF'S INTERROGATORIES

Defendant, TFC Bradley A. McGuirk, by and through his attorneys, J. Joseph Curran, Jr., Attorney General, and Donald E. Hoffman, Assistant Attorney General, in Response to Plaintiffs' Interrogatories filed in this action says:

(A)     The information supplied in these Answers is not based solely on the knowledge of the executing party, but includes the knowledge of the party, agents, representatives and attorney, unless privileged.

(B)     The responses to these Interrogatories may include information that is not within the executing party's personal knowledge, either at the time of the incident that is the subject of the complaint and/or at the time this response is being filed.

(C)     The word usage and sentence structure may be that of the attorney assisting in the preparation of these Answers and thus, does not necessarily purport to be the precise language of the executing party.

## INTERROGATORIES

**INTERROGATORY NO. 1 (Former NO. 5):** Did the State of Maryland or its Police Department ever distribute to you or require the reading or viewing of any materials (written, computer, or audio) concerning: (1) making arrests or otherwise seizing criminal suspects; (2) determining whether or not there is probable cause for an arrest or the seizure of a criminal suspect; (3) the use of force; (4) investigation of an auto accident; (5) police abuse and misconduct; (6) DUI/DWI stops; or (7) state or constitutional law?

If so, state for each: the publication, whether or not you actually read or viewed each such piece of material, and whether or not any tests of the material were given to you, and if so, what were the results.

**RESPONSE TO INTERROGATORY NO. 1:** Yes, I was trained and tested in all of these areas during my time at the Maryland State Police Academy. I do not have information available regarding the exact documents used for the training, however, I was tested and scored 70% or higher in all of the above areas.

**INTERROGATORY NO. 2 (Former NO. 12:** Do you contend that any force that you used against Plaintiff was reasonable and/or necessary to effect her arrest or detention?

If so, state or describe: all facts and witnesses that support the use of force by you and each State of Maryland Police Department policy or procedure that authorized such use of force.

**RESPONSE TO INTERROGATORY NO. 2:** Yes, the force used to place the Plaintiff in detention was necessary and reasonable while I was investigating this collision. Due to her intoxication, time of collision, rural location, etc., this was done in order to control the scene. The only force used was to place handcuffs on Ms. Litzinger when I placed her in my police vehicle. Witnesses unknown. Unknown what Maryland State Police policy "authorized such use of force."

2

**INTERROGATORY NO. 3 (Former No. 10):** Identify each Maryland State Police Department policy or procedure that authorized the use of each method of physical contact as described in your answer to Interrogatory No.3, and describe each document that evidences or relates to each such policy or procedure.

**RESPONSE TO INTERROGATORY NO. 3:** MSP Patrol Manual Chapter 26 Section I Subsection E describes the Troopers duty to determine the cause of a traffic collision and take enforcement action. See also, Patrol Manual, Ch. 28.

**INTERROGATORY NO. 4. (Former NO. 11):** Do you contend that there was probable cause to arrest Plaintiff? If so, state each fact that supports your conclusion that probable cause existed.

**RESPONSE TO INTERROGATORY NO. 4:** Yes, sufficient probable cause existed to arrest Plaintiff. She was the owner of the vehicle, a witness, Mr. Everett, identified her as the driver of the vehicle, and she appeared to be intoxicated.

**INTERROGATORY NO. 5 (Former NO. 14):** Did you make any oral or written report, statement, or memorandum to anyone about the incident of December 19, 1999, and the subsequent investigation of the incident.

If so, set forth the nature and substance of each such report, including the date, time, and place, and to whom you made each such report;

**RESPONSE TO INTERROGATORY NO. 5:** Yes, an MSP Accident Report was completed and submitted shortly after my investigation. I spoke with my supervisor, Sgt. Blades of the incident and advised him of the circumstances of the accident, and sought advice regarding my investigation method. This conversation took place on December 19, 1999.

**INTERROGATORY NO. 6 (Former NO. 17):** Please state with particularity the facts surrounding the call to service for the December 19, 1999-accident that is the subject of this

3

complaint, and your activities from beginning to your conclusion of your involvement, including any observation by you.

**RESPONSE TO INTERROGATORY NO. 6:** On December 19, 1999, I was dispatched by the North East Barrack to respond to Ragan Road for a motor vehicle accident. Upon arrival at the scene, I found a single vehicle off of the roadway on an embankment. I identified two occupants and checked for hazards and injuries. I found neither. I then began to question them of how the accident occurred. Mr. Everett advised me that Ms. Litzinger was driving, and Ms. Litzinger advised me that Mr. Everett was driving. Both of the parties had a strong odor of an alcoholic beverage on their breath along with glassy bloodshot eyes. It was apparent to me through my training that both of them had been drinking. I then searched for witnesses and my search was unsuccessful. The vehicle was found to be registered to Ms. Litzinger and at this point, I believed her to be the operator of the vehicle. She was placed in handcuffs for my safety and for further investigation. I then escorted her to my patrol vehicle without incident and sat her in the front passenger seat. I then entered my vehicle and began questioning her regarding the accident. I then contacted my supervisor and advised him of the circumstances. After my conversation with him, I was advised that I did not have enough information to put her in the drivers seat. At this point, Ms. Litzinger began complaining of pain and I asked her if she wanted an ambulance. She in fact requested one at which time, I radioed the barrack and requested the Fire Department to respond. I then took the handcuffs off of her and she was tended to by EMS personnel. She was taken to the hospital, and I continued with my investigation. I then called for a tow service to remove the vehicle, and Mr. Everett was given a ride home by a passerby.

**INTERROGATORY NO. 7 (Former NO. 21):** Did you or anyone acting on your behalf search the Plaintiff or her vehicle on December 19, 1999? If so, please set forth the following information specifically and in detail the basis of the search and the results.

**RESPONSE TO INTERROGATORY NO. 7:** I do not recall myself or anyone acting on my behalf, searching the Plaintiff or her vehicle.

**INTERROGATORY NO. 8 (Former NO. 25):** Did you know the individual driving the Jeep prior to December 19, 1999? If so, then please state his name and address, and, please state in detail what is the extent of that relationship with this gentleman.

**RESPONSE TO INTERROGATORY NO. 8:** No, I did not know the individual who was driving the Jeep.

---

**I HEREBY CERTIFY** under the penalties of perjury that the above information is true to the best of my knowledge, information and belief.

*Bradley A. McGuirk*

Respectfully submitted,

J. JOSEPH CURRAN, JR.
Attorney General

Donald E. Hoffman
Assistant Attorney General
Department of State Police
1201 Reisterstown Road
Pikesville, Maryland 21208
(410) 653-4227
Attorneys for Defendant

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of July, 2004, a copy of Defendant Bradley A. McGuirk's Response to Plaintiff Jessica Litzinger's Interrogatories was mailed, postage prepaid, to Duane A. Verderaime, Esquire, Verderaime & DuBois, P.A., 1231 North Calvert Street, Baltimore, Maryland 21202, Attorney for Plaintiff.

_____
Donald E. Hoffman
Assistant Attorney General