IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JESSICA LITZINGER | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: JFM-02-CV-4115 |
| BRADLEY A. MCGUIRK | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

DEFENDANT S COMBINED OPPOSITION AND REPLY
MEMORANDUM TO PLAINTIFF S MOTION FOR
PARTIAL SUMMARY JUDGMENT AND RESPONSE TO
DEFENDANT S MOTION FOR SUMMARY JUDGMENT

Bradley A. McGuirk, Defendant, a Maryland State Trooper, by his attorneys, J. Joseph Curran, Jr., Attorney General, and Donald E. Hoffman, Assistant Attorney General, pursuant to Local Rule 105.2 hereby files his combined Opposition and Reply Memorandum to Plaintiff s Motion for Partial Summary Judgment and Response to Defendant s Motion for Summary Judgment.

In Plaintiff s Motion for Partial Summary Judgment and Response to Defendant s Motion for Summary Judgment and Withdraw of Claims of Excessive Force, Plaintiff abandoned  all allegations except those pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution,...on the unlawful arrest, unlawful detention, and seizure and the violations and restricted liberty

interests that flowed therefrom.    Defendant believes Plaintiff has abandoned her claims of excessive force and failure to provide prompt medical attention.[1]

Plaintiff claims  there are no genuine issues of material fact and that plaintiff is entitled to summary judgment as a matter of law....   While this Defendant must agree there are no genuine issues of material fact, Plaintiff is absolutely incorrect in her position that she is entitled to judgment as a matter of law.  To that extent, Defendant s Motion for Summary Judgment is reincorporated herein.

Plaintiff, in her Memorandum of Law, included a listing of 23  facts  that she alleges are uncontroverted.  (Plaintiff s Memo of Law at pp. 4-6)   Several of the  facts  are incorrect and others are nothing more than unsupported, irrational inferences.  I will explain.

> "       Number 15 impermissibly seeks to include as a  fact , comments
>           of Sgt. Blades that Defendant McGuirk testified to in his deposition.
>           Such hearsay testimony would be inadmissible at trial and thus
>           cannot be considered as evidence for support of Plaintiff s Motion
>           for Summary Judgment.  See, Solis v. Prince George s County,
>           153 F.Supp. 2d 793, 798 (D. Md. 2001) citing Rohrbough v. Wyeth
>           Laboratories, Inc., 916 F.2d 970, 973 (4th Cir. 1990).  See also,
>           Greensboro Professional Firefighters Association, Local 3157 v.

---

[1] In a telephone conversation with Plaintiff s counsel, Duane A. Verderaime, Esquire, on September 30, 2004, he confirmed this interpretation was indeed correct.

<u>City of Greensboro</u>, 64 F.3d 962, 967 (4th Cir. 1995).

" Additionally, on p. 7 of Plaintiff s Memorandum of Law, Plaintiff incorrectly concludes that McGuirk s supervisor, Sgt. Blades essentially advis[ed] him that he did not have enough probable cause to detain plaintiff.... Besides being just plain wrong, such allegation, masquerading as a fact, is again hearsay and inadmissible as support for Plaintiff s Motion for Summary Judgment. <u>Solis</u> at 798.

" Number 19 inaccurately states that Defendant McGuirk concluded Plaintiff was the operator of the wrecked vehicle based on the fact that the vehicle was registered to Plaintiff Litzinger.... (Plaintiff s Memorandum of Law at p. 6). The source cited for this fact was Plaintiff s Exhibit 2, Defendant s Answers to Interrogatories, Response No. 6. A plain reading of that answer does not state that Defendant McGuirk s conclusion was based solely on Plaintiff s status as registered owner of the overturned vehicle.

" Number 20 inaccurately states that Defendant McGuirk placed handcuffs on Plaintiff, based solely on the fact she was the registered owner of the vehicle. (Plaintiff s Memorandum of Law at p. 6). Plaintiff ignores the facts, properly supported in Defendant s Memorandum of Law and summarized on page 15 thereof, that the

3

handcuffing was supported by Defendant McGuirk being the only trooper dispatched to the scene of an early morning vehicle crash where both driver and passenger had been drinking, both claimed the other was driving[2], the vehicle was registered to Plaintiff, and an independent witness heard remarks of Plaintiff that, would lead one to believe she was the vehicle s operator when it crashed into a culvert.

" Number 21 inaccurately states that Defendant McGuirk did not give Plaintiff a reason for placing handcuffs on her. (Plaintiff s Memorandum of Law at p. 6.). In actuality, on page 64: 8-16, of Defendant s deposition, attached as Exhibit 3 to Plaintiff s Memorandum of Law, TFC McGuirk stated he did not recall if he told her a reason for placing Plaintiff in handcuffs.

" In number 22, although Defendant does not dispute he closed the door behind Plaintiff once she was seated in his

---

[2] Defendant s original Memorandum of Law, at p. 3, supports the comment that  Jessica Litzinger and Brandon Everett denied driving the now wrecked car each stating the other was driving  with the deposition testimony of Defendant McGuirk. See, exhibit  A , page 35: 4-13. The statement by Ms. Litzinger, of course, is admissible as that of a party opponent. Fed. R. Evid. 801 (d)(2). The statement of Brandon Everett is not hearsay and likewise admissible because it is not offered for the truth of the matter asserted, i.e., that Ms. Litzinger was driving the car (Fed. R. Evid. 801(c)), in the alternative, it was an excited utterance from a person who had just been a passenger in a vehicle that struck a culvert and overturned. Fed. R. Evid. 803(2).

police car, the referenced deposition pages are incorrect. (See, Plaintiff s Exhibit 3, Deposition of McGuirk, 61: 19-20).

"   In Plaintiff s Memorandum of Law on page 7-8, Plaintiff inaccurately alleges Defendant McGuirk removed the handcuffs from Plaintiff when the ambulance arrived and requested do so. The alleged sources for the allegation, Defendant s Deposition, page 68: 3-5 and 67: 11-20 certainly do not support the allegation. In fact, Defendant McGuirk s deposition testimony is that when Plaintiff stated she was gasping for air the handcuffs were then removed and the ambulance arrived. (Defendant s Exhibit A, Deposition of McGuirk, page 67: 8-14 attached hereto). Additionally, Plaintiff s unsupported recollection of hearing someone say to Defendant McGuirk to take the handcuffs off of her is another example of inadmissible hearsay that ought not be considered by this Honorable Court. <u>Solis</u> at 798.

## ARGUMENT

I.   <u>TROOPER MCGUIRK S SEIZURE OF PLAINTIFF WAS SUPPORTED BY SPECIFIC, ARTICULABLE FACTS AS WELL AS PROBABLE CAUSE</u>

A.   Investigative Detention

There can be no question that Defendant McGuirk took Plaintiff into custody, based on specific, articulable facts for the purpose of investigatory detention while he

continued his investigation into the early morning automobile crash where both of the car's occupants had been drinking and accused one another of driving the now overturned car. The facts, which Plaintiff cannot refute, are that Defendant McGuirk was the only trooper on the scene of the crash, both of the parties formerly occupying the vehicle had been drinking alcoholic beverages and claimed the other one was the actual operator, the car was registered to Plaintiff Litzinger, and an independent witness to whom Defendant McGuirk had spoken, heard Ms. Litzinger make remarks to her male companion, Brandon Everett, indicating she was the operator of her car when it crashed (McGuirk Deposition, Exhibit "A" to Defendant's original Memorandum of Law at pp. 25, 30, 35, 39-41) and Earl Gilbert Affidavit, Exhibit "F" to Defendant's original Memorandum of Law, at paragraph 4.). Plaintiff's Memorandum of Law does not refute, but chooses to ignore the sworn testimony of independent witness Mr. Earl Gilbert.

Plaintiff incorrectly alleges that after she was detained, handcuffed and placed in Defendant's police car, "McGuirk's investigation stops."[3] (Plaintiff's Memorandum of Law at p. 11). It cannot be more clear that McGuirk's uncontroverted deposition testimony refutes Plaintiff's unsupported allegation.

> Q. Okay. Rather than jump around too much, I'll get back to that in a minute. So you relayed all this information to Sargent[sic] Blades, I think your testimony was you went

---

[3] Plaintiff offers no admissible, factual testimony for her allegation.

>           back down to the     the accident scene where the people
>           were; right?
>
> A.        Yes, sir.
>
> Q.        Okay. What did you do at that point then?
>
> A.        Continued to try to find a witness, somebody that saw the
>           accident, spoke to them again, tried to find out who was
>           driving this car.
>
> Q.        Right. What else did you do to ascertain that information?
>
> A.        Ran checks on drivers licenses and registration on the car.
>
> Q.        And when you say you tried to find out if there were any
>           witnesses, do you recall talking to anybody, specifically?
>
> A.        Whoever was at the scene.

(Defendant's Exhibit "A", Deposition of McGuirk, pp. 36: 14-21, and 37: 1-10, attached hereto).

    A plain reading of the above deposition testimony of Defendant McGuirk clearly establishes that after formally detaining Plaintiff, he continued his investigation into the one vehicle crash he was dispatched to investigate. Thus, Plaintiff's conclusions to the contrary, on pages 11, 13, 15, and 20 of her Memorandum of Law, are wholly unsupported by admissible facts. Merely repeating unsupported allegations in one's Memorandum of Law simply does not make them so. In the face of Defendant McGuirk's uncontroverted, sworn deposition testimony about his continuing police

investigation, this Honorable Court need not accept Plaintiff's unsworn allegations, no matter how often repeated. Therefore, Defendant McGuirk's detention of Plaintiff was lawful in the face of his continuing investigation.

    B.    Probable Cause to Arrest

Plaintiff agrees, as she must, that Maryland statutory law allows the arrest without a warrant of an individual for which a police officer has probable cause to suspect was driving while under the influence of alcohol. Md. Transp. Code Ann. § 26-202(a) (3) (i) (2002 Repl. Vol. 2003 Cumm. Supp). Defendant McGuirk testified at his deposition that both Plaintiff and Brandon Everett were "obviously under the influence of alcohol...." (Defendant's Exhibit "A", Deposition of McGuirk, pp. 30: 17, 51: 14-20, 52: 1-12, attached to Defendant's original Memorandum of Law).[4]

Although Plaintiff's detention is entirely justified as an investigatory detention, it is clear that Defendant McGuirk had sufficient probable cause to arrest her for driving while under the influence of alcohol pursuant to Md. Transp. Code Ann. § 21-902 and § 26-202 (a) (3) (i) (2002 Repl. Vol. 2003 Cumm. Supp.). Without reciting all of the cases in Defendant's original Memorandum of Law, it is important to recall that the inquiry of probable cause "does not involve the application of a precise legal formula or test but the common sense and street-wise assessment of the factual circumstances[.]

---

[4] Plaintiff acknowledges she was probably intoxicated and has no recollection of the crash taking place. Defendant's Exhibit "E", Litzinger Deposition, p. 68: 9-15, 78: 4-6, attached to Defendant's original Memorandum of Law.

U.S. v. Humphries, 372 F.3d 653, 657 (4th Cir. 2004).  Deference should be shown to the inferences drawn by law enforcement officers on the scene.  Id.

The Fourth Circuit Court of Appeals recognizes that  [u]nder the Fourth Amendment, if supported by probable cause, an officer may make a warrantless arrest of an individual in a public place  . Id. citing Maryland v. Pringle, - - -U.S. - - -, 124 S.Ct. 794, 799 (2003).  The evidence necessary to establish probable cause  is more than a mere suspicion, rumor, or strong reason to suspect but less than evidence sufficient to convict.  U.S. v. Williams, 10 F.3d 1070, 1074 (4th Cir. 1993).

Particularly relevant to the instant case  is the principle that a finding of probable cause may be based on information provided by a victim or eyewitness to a crime, as  it is well-established that [w]hen an officer has received information from some person - - normally the putative victim or an eye-witness - - who it seems reasonable to believe is telling the truth, he has probable cause.  Spiegel v. Cortese, 196 F.3d 717, 724 (7th Cir. 1999) ...   citations omitted.  U.S. v. Beckham, 325 E. Supp. 2d 678, 687 (E.D. Va. 2004).

Plaintiff again, without the benefit of factual support, claims Brandon Everett s identification of Plaintiff as the driver of her wrecked car was biased and self-serving.  However, Plaintiff offers absolutely no admissible evidence to support her claim.  Thus, Mr. Everett s statement certainly gave every reason to be believed by Defendant McGuirk.

Thus, the facts giving rise to the probable cause Defendant McGuirk had to arrest Plaintiff for driving while under the influence of alcohol were that Mr. Everett stated the

Plaintiff was driver of her car when it crashed, Plaintiff was obviously under the influence of alcohol as based on Defendant's observation, the car was registered to her, and remarks were overheard by an independent witness to whom Defendant McGuirk had spoken, Mr. Earl Gilbert, that indicated Plaintiff was driving her car at the time it ran off the road, struck a culvert and overturned.  The Constitution does not guarantee that only the guilty will be arrested.  If it did, § 1983 would provide a cause of action for every defendant acquitted — indeed, for every suspect released.  Baker v. McCollan, 443 U.S. 137, 145, 99 S.Ct. 2689, 2695 (1979).

Having established probable cause to arrest Ms. Litzinger, Plaintiff's claim of lack of probable cause must fail.

### II. TROOPER MCGUIRK IS ENTITLED TO QUALIFIED IMMUNITY

Plaintiff argues, again without support, that Defendant is not entitled to qualified immunity because Trooper McGuirk's investigation had concluded before he detained Plaintiff. (Plaintiff's Memorandum of Law at p. 20).  On pp. 6-7 herein, McGuirk's uncontested deposition testimony refutes that allegation.

The Supreme Court has directed that qualified immunity questions should be resolved at the earliest possible stage of a litigation.  Anderson v. Creighton, 483 U.S. 633, 646 n.6, 107 S.Ct. 3034, 3042 n.6 (1987).  Thus, qualified immunity should be addressed at the pleading or summary judgment stage whenever possible.  Pritchett v. Alford, 973 F.2d 307, 313 (4th Cir. 1992).

If the material facts and the reasonable inferences drawn from those facts disclose that a reasonable officer could have believed that his or her actions did not violate the clearly established right, the Defendant is entitled to qualified immunity on summary judgment.  Smith v. Reddy, 101 F.3d 351, 357 (4th Cir. 1996) quoting Pritchett, 973 F.2d at 312-13.  The defense of qualified immunity recognizes that reasonable mistakes can be made as to the legal constraints on particular police conduct.  Saucier v. Katz, 533 U.S. 194, 205, 121 S.Ct. 2151, 2158 (2001).  If there is a legitimate question as to whether an official s conduct constitutes a constitutional violation, the official is entitled to qualified immunity.  Wiley v. Doory, 14 F.3d 993, 995 (4th Cir. 1994).  See also, Martin v. St. Mary s Dept. of Social Services, 346 F.3d 502, 505 (4th Cir. 2003).

It is settled law that  police officers should prevail on an assertion of qualified immunity if a reasonable officer possessing the same information could have believed that his conduct was lawful.  Park v. Shiflett, 250 F.3d 843, 853 (4th Cir. 2001) quoting Slattery v. Rizzo, 939 F.2d 213, 216 (4th Cir. 1991),  see also McLenagan v. Karnes, 27 F.3d 1002, 1007 (4th Cir. 1994) (stating that regardless of whether probable cause actually existed, officer is entitled to qualified immunity if the officer  could have...believed that his conduct was lawful ).  Park at 853.

Defendant McGuirk relies on the uncontroverted facts, as cited herein, that it is clear he violated no constitutional right of Plaintiff in detaining her for driving while intoxicated.  In the alternative, it is clear that Defendant McGuirk believed his actions to be lawful and any reasonable officer, under similar circumstances would have likewise

11

thought the detention of Plaintiff was not only reasonable but required under the statutory charge to Maryland State Troopers to detect and prevent the commission of crime; to enforce the laws and ordinances of the state and local subdivisions; to apprehend and arrest criminals and those who violate or are lawfully accused of violating such law and ordinances.... Md. Ann. Code Art. 88B § 3 (1998 Repl. Vol.) recodified as Md. Public Safety Code Ann. § 2-301 (a) (2003). Therefore, the actions of Defendant McGuirk were certainly not those of a plainly incompetent law enforcement officer, or one who knowingly violates the law, and he is entitled to qualified immunity.

### III. PLAINTIFF CAN BRING NO CLAIM DIRECTLY UNDER THE FOURTH, FIFTH, OR FOURTEENTH AMENDMENT

It is not clear to this Defendant if Plaintiff has attempted to not only state a claim under 42 U.S.C. § 1983 but directly under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. If so, it is settled law a direct action for damages, under the Fourth Amendment, may be brought against federal, not state officials. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971). No such action under the Fourteenth Amendment can be maintained against a state defendant. Gray v. State of Maryland, 228 F.Supp 2d 628, 638-39 (D. Md. 2002) citing Cale v. City of Covington, 586 F.2d 311, 313 (4th Cir. 1978).

As stated on page 19-20 of Defendant s original Memorandum of Law, an action under the Fifth Amendment, either brought directly or through 42 U.S.C. § 1983 cannot

12

be maintained against Defendant McGuirk, a Maryland State Trooper.  <u>Public Utilities Commission v. Pollack</u>, 343 U.S. 451, 461-62, 72 S.Ct. 813, 820 (1952).

<u>CONCLUSION</u>

Plaintiff is mistaken in her belief that she is entitled to summary judgment.  The uncontroverted facts show that Defendant McGuirk's seizure of her was not only reasonable, in light of an investigative detention, but it was supported by probable cause.  Additionally, Defendant McGuirk, a Maryland State Trooper, is entitled to qualified immunity for his actions, and thus summary judgment.

Respectfully submitted,

J. Joseph Curran, Jr.,
Attorney General

      /s/
Donald E. Hoffman
Assistant Attorney General
Maryland State Police
1201 Reisterstown Road
Pikesville, Maryland 21208
410-653-4227
General Bar No.: 23529

Attorney for Defendant

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY on this ____ day of October, 2004, I caused to be served, by and through E-filing with the United States District Court for the District of Maryland, Defendant s Combined Opposition and Reply Memorandum to Plaintiff s Motion for Partial Summary Judgment and Response to Defendant s Motion for Summary Judgment to Duane A. Verderaime, Esquire, Verderaime & DuBois, P.A. 1231 North Calvert Street, Baltimore, Maryland 21202, Attorneys for Plaintiff.

                                                          /s/
                                      Donald E. Hoffman
                                      Assistant Attorney General
                                      Maryland State Police