IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JESSICA LITZINGER | * | |
| | * | |
| v. | * | Civil No. JFM-02-4115 |
| | * | |
| BRADLEY A. MCGUIRK | * | |
| | ***** | |

MEMORANDUM

Jessica Litzinger has brought this action against Bradley A. McGuirk, a Maryland State Trooper, under 42 U.S.C. §1983. She claims that McGuirk violated her constitutional rights by arresting her without probable cause.[1] She seeks compensatory damages in the amount of $2,000,000, punitive damages in the amount of $1,000,000 and attorney's fees and costs.

Discovery has been completed. McGuirk has filed a motion for summary judgment, and Plaintiff has filed a motion for partial summary judgment. McGuirk's motion will be granted, and Plaintiff's motion will be denied.

I.

On December 19, 1999, McGuirk was dispatched to the scene of a one-vehicle collision. Upon arriving at the scene, he spoke with several people standing by an overturned car. Based upon his initial conversations, he identified Plaintiff and John Brandon Everett as the persons who had been in the car. Both appeared to be intoxicated.[2] They informed McGuirk that they had been the occupants

---

[1] Plaintiff also originally asserted that Defendant used excessive force against her. She has now withdrawn that claim.

[2] Plaintiff admitted at her deposition that she probably was intoxicated and that she has no recollection of the accident.

of the vehicle, but each of them said that the other was driving. McGuirk learned that Plaintiff was the registered owner of the car and, based upon that fact, he concluded that she should be detained. He handcuffed her and placed her into his police car. She had no difficulty in walking to the car, and she did not complain of any pain or have any visible injuries. Unsure how to proceed, McGuirk left Plaintiff seated in his car while he went to a neighboring house to call his supervisor. When he returned to his car, he observed Plaintiff "gasping for air, saying she couldn't breathe." He called an ambulance for her. When the ambulance arrived, McGuirk removed the handcuffs from Plaintiff. She was placed on a stretcher and "loaded into the ambulance." She was then transported to Harford Memorial Hospital for treatment. McGuirk remained at the accident site and, after the wrecked car was removed, "cleared the scene." This brought the incident to an end.[3]

II.

"If the material facts and reasonable inferences drawn from those facts disclose that a reasonable officer could have believed that his or her actions did not violate . . . [a] clearly established [constitutional] right, the defendant is entitled to qualified immunity on summary judgment." *Smith v. Reddy*, 101 F.3d 351, 357 (4th Cir. 1996) (citing *Pritchett v. Alford*, 973 F.2d 307, 312-13 (4th Cir. 1992)). The defense of qualified immunity recognizes "that reasonable mistakes can be made as to

---

[3]McGuirk telephoned his supervisor from the home of an independent witness, Earl Gilbert. Although McGuirk spoke with Gilbert, he apparently did not ask him whether he had overheard any conversations between Plaintiff and Everett. If McGuirk had asked that question, Gilbert presumably would have told him, as Gilbert has now stated under oath, that he arrived at the scene before McGuirk and that, *inter alia*, he "overheard some conversation between the young man and woman but remember them arguing about who was driving. I remember the woman saying to the young man, '[Y]ou told me to turn the wrong direction' and '[L]ook what you did to my car.'" (Affidavit of Earl Gilbert). This statement certainly corroborates the view that Plaintiff had been driving.

the legal constraints on particular police conduct." *Saucier v. Katz*, 533 U.S. 194, 205, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). If there is a "legitimate question as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity." *Wiley v. Doory*, 14 F.3d 993, 995 (4th Cir. 1994).

In light of these principles, McGuirk is entitled to the defense of qualified immunity here. His supervisor apparently advised him over the telephone that he did not have probable cause to arrest Plaintiff. This advice may have been sensible and wise. While, on the facts then known to the supervisor, it was unlikely that Plaintiff would be convicted, it is not clear that the supervisor's advice was correct. McGuirk had been told by a witness with first-hand knowledge (albeit one with a motive to extricate himself from culpability) that Plaintiff had been the driver of the car, and McGuirk had knowledge that Plaintiff was the registered owner of the car.

In any event, McGuirk clearly had the right, indeed the obligation, to make an investigatory stop. *See generally Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). It could be argued that Plaintiff should not have been handcuffed, particularly after McGuirk observed Plaintiff gasping for breath. However, the use of handcuffs during a *Terry* stop has been recognized as permissible to preserve the status quo. *United States v. Crittendon*, 883 F.2d 326, 329 (4th Cir. 1989). McGuirk acted responsibly in telephoning his supervisor for advice under uncertain circumstances, and, in light of the fact that Plaintiff was so intoxicated that she has no recollection of a serious auto accident, it is at least arguable that he acted reasonably in handcuffing her while he left her in his police vehicle.

A separate order denying Plaintiff's motion for partial summary judgment, and granting

Defendant's motion for summary judgment and entering judgment on Defendant's behalf is being entered herewith.


Date: _____    _____
J. Frederick Motz
United States District Judge